ELECTRONICALLY FILED
2019 May 01 6:43 PM
CLERK OF COURT

## IN THE CIRCUIT/CHANCERY COURT OF SHELBY COUNTY, TENNESSEE
## FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

---

**LABERTHA MILTON**

    **Plaintiff,**

                                   Docket No._____

**v.**

                                   **JURY DEMANDED**

**DELVIN RUSSELL and
LYFT, INC.**

    **Defendants,**

---

### COMPLAINT FOR DAMAGES

---

      **COMES NOW** Plaintiff, LABERTHA MILTON, (hereinafter "Plaintiff"), by and through her attorneys, P. Craig Grinstead of the Grinstead Law Firm, PLLC, and James King, Jr., of Eskins, King and Marney PC, for her Complaint against Defendant, DELVIN RUSSELL (hereinafter "Defendant"), states as follows:

#### PARTIES

1.     Plaintiff is an adult resident of Memphis, Shelby County, Tennessee.

2.     Defendant, DELVIN RUSSELL upon information and belief is an adult resident of Memphis, Shelby County, Tennessee and whose address is 8925 Turnberry Place, Memphis TN 38125.

3.     Defendant, LYFT, INC., is a Delaware based corporation and whose registered agent of service is CT Corporation System located at 300 Montvue Rd., Knoxville, TN 37919.

1



## JURISDICTION AND VENUE

4.      This is a cause of action arising in tort and brought on behalf of the Plaintiff,

LABERTHA MILTON, for personal injuries, pain and suffering, and medical expenses incurred

that directly and proximately resulted from injuries sustained by Plaintiff as a result of

Defendant's negligence on or about August 19, 2018 in Shelby County, Tennessee.

5.      This Court has jurisdiction and is the proper venue for this action pursuant to

Tennessee Code Annotated §16-11-101 through 103 and §20-4-101.

## FACTS AND ACT OF NEGLIGENCE

6.      On or about August 19, 2018, Plaintiff was traveling as a passenger/customer in

The car driven by Defendant DELVIN RUSSELL while acting as an employee agent for

Defendant, LYFT, INC.

7.      Suddenly and without warning, Defendant, DELVIN RUSSELL, driving in a

reckless and negligent manner, attempted to make an illegal left hand turn in front of an

oncoming vehicle and causing the two vehicles to violently collide.  The negligence of

Defendant, DELVIN RUSSELL, is imputed on Defendant, LYFT, INC. under the doctrine of

Respondeat Superior.

## CAUSES OF ACTION

8.      Plaintiff re-alleges and incorporates by reference the allegations contained in

Paragraphs 1-7 above as if set forth verbatim.

9.      Defendant DELVIN RUSSELL was negligent in the following respects:

  a.  Failing to keep a proper lookout;

  b.  In operating his vehicle in a reckless manner;

2

c.  In having total disregard for life and safety for the plaintiff and others who were traveling on the roadways;

d.  Failing to maintain proper control of his vehicle;

e.  In Failing to yield the right-of-way;

f.  In failing to take proper evasive action to avoid a collision with the other vehicle;

10.  The defendants violated the following statutes:

a.  T.C.A. §55-10-205 Reckless Driving;

b.  T.C.A. §55-8-103 Required obedience to traffic laws:

c.  T.C.A. §55-8-136 Failure to exercise due care by failing to maintain proper control of vehicle;

11.  Defendant DELVIN RUSSELL violated the following ordinances of the City of Memphis which were in full force and effect at the time of the accident:

a.  Section 11-16-2 Duty to devote full time and attention to operating vehicle;

b.  Section 11-16-3 Duty to drive safe speed, maintain lookout and keep vehicle under control;

c.  Section 11-16-37 Right of way when traffic signal.

12.  Defendant LYFT, INC employed defendant driver, DELVIN RUSSELL who was acting in the course and scope of his employment with LYFT, INC., while driving Plaintiff as a passenger/customer, and therefore vicariously liable in that, at the time of the injury, the vehicle was being used in furtherance business of LYFT, INC., with the authority and knowledge, express or implied, of defendant LYFT, INC. Each and every act of negligence, both common law and statutory, hereinbefore charged against Defendant DELVIN RUSSEEL are imputed to

3

the Defendant LYFT INC., and thereby liable under the Tennessee doctrine of Respondeat Superior for the damages to Plaintiff. LYFT INC., was negligent for entrusting said business practice to DELVIN RUSSELL, who was a driver not competent and who was negligent. Plaintiff relics upon Tenn. Code Ann §55-10-311 and §55-10-312 for further proof that the vehicle driven by Defendant DELVIN RUSSELL, as an agent/employee to Defendant LYFT INC., and as an agent/employee operating with authority, consent and knowledge of Defendant LYFT INC., said vehicle was used to the benefit of the employer, Defendant LYFT INC..

## PROXIMATE CAUSE

13.     The negligence of both defendants was the direct and proximate cause of the Accident, resulting injuries and damages to the Plaintiff.

## DAMAGES

14.     As a direct and proximate result of the negligence of the Defendants, the Plaintiff, LABERTHA MILTON, seeks monetary damages from the Defendants for the following injuries:

     a.   Severe and painful injuries, either caused, precipitated, and/or aggravated by the wrongs complained of;

     b.   Great fright and shock;

     c.   Inability to enjoy the normal pleasures of life;

     d.   *Medical bills;*

     e.   Loss wages and diminished earning capacity; and

     f.   Plaintiff has incurred medical bills to date in the amount of $72,212.93 and are attached hereto pursuant to T.C.A. § 24-5-113 (a)(1).

15.     Plaintiff state that she will more than likely require future medical treatment and incur additional medical bills for treatment of ongoing injuries.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff demands judgment against the Defendants for actual and compensatory damages in the amount $1,000,000.00 together with all expenses and costs associated therein.

**FURTHER,** Plaintiff demands such other relief as may be deemed just and proper.

**PLAINTIFF DEMANDS A JURY TO TRY THE ISSUES WHEN JOINED.**

Respectfully submitted,

THE GRINSTEAD LAW FIRM, PLLC

By:

P. Craig Grinstead (#26722)
Attorney for Plaintiff
44 N. Second St. Suite 400
Memphis, TN 38103
Ofc. (901) 729-7168
Fax. (901) 729-7321
cgrinstead@grinsteadlaw.org


ESKINS, KING & MARNEY, PC

By

James E. King, Jr.(#21219)
Attorney for Plaintiff
200 Jefferson
15TH Floor
Memphis TN 38103
Ofc. (901) 578-6902
Fax. (901) 578-8690
jking@eskinsking.com

12/19/2018 WED 13:03   FAX 901 522 2644 Semmes Murphey                                    ☑003/003

## Patient Ledger - Detailed

| Patient ID: | 225554 | | Labertha R Milton | | Total Charges: | $4,815.00 |
|---|---|---|---|---|---|---|
| Birthdate: | | | 1998 Lenox Port Apartment 2 | | Total Payments: | $3,714.30 |
| Phone 1: | | | Memphis TN  38116 | | Total Adjustments: | $1,100.70 |
| Phone 2: | | | | | Insurance Balance: | $0.00 |
| | | | | | Patient Balance: | $0.00 |

| Visit DOS | Visit DOE | Company | Provider | Facility | Ticket Number | | | | | Balance | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Procedure DOS | | DOE | Code    Modifiers | Description | Check # | Units | Charge | Payment | Adjustment | Insurance | Patient |
| 08/20/2018 | 08/27/2018 | Semmes Murphey Clinic | Elijovich MD, Lucas | Baptist Memorial Hospital IH | 016X088024 | | | | | | |
| | | Current Insurance Carrier: | BlueCare | | | | | | | | |
| | | | 08/27/2018 Filed HCFA to BlueCare for $90.00 | | | | | | | | |
| 08/20/2018-08/20/2018 | | 08/27/2018 | 99231    25 | Subsequent hospital care, per day | | 1.00 | $90.00 | | | $0.00 | $0.00 |
| | | 09/10/2018 | BCBS Tennessee | Contractual | 2018090710700454 00 | | | $0.00 | ($38.83) | | |
| | | 09/10/2018 | BCBS Tennessee | Payment | 2016090710700454 00 | | | ($51.17) | $0.00 | | |
| | | | | Visit Total/Balance Due | | | $90.00 | ($51.17) | ($38.83) | $0.00 | $0.00 |
| 08/20/2018 | 09/05/2018 | Semmes Murphey Clinic | Arthur MD, Adam S | Baptist Memorial Hospital IH | 016X088332 | | | | | | |
| | | Current Insurance Carrier: | BlueCare | | | | | | | | |
| | | | 09/05/2018 Filed HCFA to BlueCare for $170.00 | | | | | | | | |
| 08/20/2018-08/20/2018 | | 09/05/2018 | 99251 | Inpatient consultation for a new or | | 1.00 | $170.00 | | | $0.00 | $0.00 |
| | | 09/14/2018 | BCBS Tennessee | Contractual | 2018091410500070 00 | | | $0.00 | ($105.85) | | |
| | | 09/14/2018 | BCBS Tennessee | Payment | 2018091410500070 00 | | | ($64.15) | $0.00 | | |
| | | | | Visit Total/Balance Due | | | $170.00 | ($64.15) | ($105.85) | $0.00 | $0.00 |
| 08/20/2018 | 09/20/2018 | Semmes Murphey Clinic | Elijovich MD, Lucas | Baptist Memorial Hospital IH | 016X088615 | | | | | | |
| | | Current Insurance Carrier: | BlueCare | | | | | | | | |
| | | | 09/24/2018 Filed HCFA to BlueCare for $4270.00 | | | | | | | | |
| 08/20/2018-08/20/2018 | | 09/20/2018 | 36224    50 | Unilateral selective catheterizatio | | 1.00 | $1,930.00 | | | $0.00 | $0.00 |
| | | 10/05/2018 | BCBS Tennessee | Contractual | 2018100511000095 00 | | | $0.00 | $0.00 | | |
| | | 10/05/2018 | BCBS Tennessee | Payment | 2018100511000095 00 | | | ($1,930.00) | $0.00 | | |
| 08/20/2018-08/20/2018 | | 09/20/2018 | 36226    51 | Unilateral selective catheterizatio | | 1.00 | $965.00 | | | $0.00 | $0.00 |
| | | 10/05/2018 | BCBS Tennessee | Payment | 2018100511000095 00 | | | ($965.00) | $0.00 | | |
| | | 10/05/2018 | BCBS Tennessee | Contractual | 2018100511000095 00 | | | $0.00 | $0.00 | | |
| 08/20/2018-08/20/2018 | | 09/20/2018 | 36227    50 | Unilateral selective catheterizatio | | 1.00 | $1,220.00 | | | $0.00 | $0.00 |
| | | 10/05/2018 | BCBS Tennessee | Contractual | 2018100511000095 00 | | | $0.00 | ($738.71) | | |
| | | 10/05/2018 | BCBS Tennessee | Payment | 2018100511000095 00 | | | ($481.29) | $0.00 | | |
| 08/20/2018-08/20/2018 | | 09/20/2018 | 99152 | Moderate Sedation , same physic | | 1.00 | $155.00 | | | $0.00 | $0.00 |
| | | 10/05/2018 | BCBS Tennessee | Payment | 2018100511000095 00 | | | ($64.56) | ($90.44) | | |
| | | 10/05/2018 | BCBS Tennessee | Contractual | 2018100511000095 00 | | | $0.00 | ($90.44) | | |
| | | | | Visit Total/Balance Due | | | $4,270.00 | ($3,440.87) | ($829.13) | $0.00 | $0.00 |
| 08/20/2018 | 09/20/2018 | Semmes Murphey Clinic | Torabi MD, Radmehr | Baptist Memorial Hospital IH | 016X088616 | | | | | | |
| | | Current Insurance Carrier: | BlueCare | | | | | | | | |
| 08/20/2018-08/20/2018 | | 09/20/2018 | 36224    50 | Unilateral selective catheterizatio | | 1.00 | $0.00 | | | $0.00 | $0.00 |
| 08/20/2018-08/20/2018 | | 09/20/2018 | 36226    51 | Unilateral selective catheterizatio | | 1.00 | $0.00 | | | $0.00 | $0.00 |
| 08/20/2018-08/20/2018 | | 09/20/2018 | 36227    50 | Unilateral selective catheterizatio | | 1.00 | $0.00 | | | $0.00 | $0.00 |
| 08/20/2018-08/20/2018 | | 09/20/2018 | 99152 | Moderate Sedation , same physic | | 1.00 | $0.00 | | | $0.00 | $0.00 |
| | | | | Visit Total/Balance Due | | | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 09/19/2018 | 10/03/2018 | Semmes Murphey Clinic | Elijovich MD, Lucas | SMC Humphreys Office | 003X809832 | | | | | | |
| | | Current Insurance Carrier: | BlueCare | | | | | | | | |
| | | | 10/03/2018 Filed HCFA to BlueCare for $285.00 | | | | | | | | |
| 09/19/2018-09/19/2018 | | 10/03/2018 | 99243 | Office consultation for a new or e | | 1.00 | $285.00 | | | $0.00 | $0.00 |
| | | 10/12/2018 | BCBS Tennessee | Contractual | 2018101211080000400 | | | $0.00 | ($126.89) | | |
| | | 10/12/2018 | BCBS Tennessee | Payment | 2018101211080000400 | | | ($158.11) | $0.00 | | |
| 09/19/2018-09/19/2018 | | 10/03/2018 | G8427 | Doc current meds by prov | | 1.00 | $0.00 | | | $0.00 | $0.00 |
| 09/19/2018-09/19/2018 | | 10/03/2018 | 4004F | Patient screened for tobacco use | | 1.00 | $0.00 | | | $0.00 | $0.00 |
| 09/19/2018-09/19/2018 | | 10/03/2018 | G8753 | Most recent systolic blood pressu | | 1.00 | $0.00 | | | $0.00 | $0.00 |
| 09/19/2018-09/19/2018 | | 10/03/2018 | G8755 | Most recent diastolic blood press | | 1.00 | $0.00 | | | $0.00 | $0.00 |
| 09/19/2018-09/19/2018 | | 10/03/2018 | G8417 | Calculated BMI above the upper r | | 1.00 | $0.00 | | | $0.00 | $0.00 |
| | | | | Visit Total/Balance Due | | | $285.00 | ($158.11) | ($126.89) | $0.00 | $0.00 |
| | | | | Selected Visit Totals | | | $4,815.00 | ($3,714.30) | ($1,100.70) | $0.00 | $0.00 |

03/26/2019  TUE  9:20  FAX 901 522 2644  Semmes Muphey                                    ☑003/003

# Patient Ledger - Detailed

| Patient ID: | 225004 | | Lebertha R Milton | | | | | Total Charges | | | $9,160.00 |
| Birthdate: | | | 58 Harvard Rd | | | | | Total Payments: | | | $158.11 |
| Phone 1 | | | Marion AR 72384 | | | | | Total Adjustments: | | | $126.89 |
| Phone 2 | | | | | | | | Insurance Balance: | | | $8,875.00 |
| | | | | | | | | Patient Balance: | | | $0.00 |

| Visit DOS | Visit DOE | Company | Provider | | Facility | Ticket Number | | | | | | | Balance | |
| Procedure DOS | | DOE | Code | Modifiers | Description | | Check # Units | | Charge | | Payment | Adjustment | Insurance | Patient |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 01/15/2019 | 01/17/2019 | Semmes Murphey Clinic | Holt MD, Daniel A | | SMC Humphreys  003X831337 Office | | | | | | | | | |
| | | Current Insurance Carrier: | | BlueCare | | | | | | | | | | |
| 01/15/2019-01/15/2019 | | 01/17/2019 | Filed HCFA to BlueCare for $205.00 | | | | | | | | | | | |
| | | 01/17/2019 | 99243 | | Office consultation for a new or e | | 1.00 | | $205.00 | | | | | |
| | | 02/01/2019 | HCHS Tennessee | | Contractual | | 201902011040015100 | | | | $0.00 | ($126.89) | $0.00 | $0.00 |
| | | 02/01/2019 | DCBS Tennessee | | Payment | | 201902011040015100 | | | | ($158.11) | $0.00 | | |
| 01/15/2019-01/15/2019 | | 01/17/2019 | G8483 | | Influenza immunization was not o | | 1.00 | | $0.00 | | | | $0.00 | $0.00 |
| 01/15/2019-01/15/2019 | | 01/17/2019 | G0439 | | Calculated BMI within normal par. | | 1.00 | | $0.00 | | | | $0.00 | $0.00 |
| 01/15/2019-01/15/2019 | | 01/17/2019 | G8783 | | Blood pressure screening perform | | 1.00 | | $0.00 | | | | $0.00 | $0.00 |
| | | | | | Visit Total/Balance Due | | | | $205.00 | | ($158.11) | ($126.89) | $0.00 | $0.00 |
| 02/18/2019 | 02/27/2019 | Semmes Murphey Clinic | Holt MD, Daniel A | | Baptist Memorial Hospital IH  010X091936 | | | | | | | | | |
| | | Current Insurance Carrier: | | BlueCare | | | | | | | | | | |
| 02/18/2019-02/18/2019 | | 03/01/2019 | 64000 | | Filed HCFA to BlueCare for $8876.00 | | | | | | | | | |
| | | 02/27/2019 | Notes | | opt code closed ix 61711 | | | | | | | | | |
| 02/18/2019-02/18/2019 | | 02/27/2019 | 61711 | | Indirect bypass-encephalodurear | | 1.00 | | $7,100.00 | | | | $7,100.00 | $0.00 |
| 02/18/2019-02/18/2019 | | 02/27/2019 | C6197 | | Microsurgical techniques, requirh | | 1.00 | | $1,775.00 | | | | $1,775.00 | $0.00 |
| 02/18/2019-02/18/2019 | | 02/27/2019 | 4044F | | First or Second Generation Ceph: | | 1.00 | | $0.00 | | | | $0.00 | $0.00 |
| | | | | | Documentation that an order was | | 1.00 | | $0.00 | | | | $0.00 | $0.00 |
| | | | | | Visit Total/Balance Due | | | | $8,875.00 | | $0.00 | $0.00 | $8,875.00 | $0.00 |
| 03/04/2019 | 03/08/2019 | Semmes Murphey Clinic | Holt MD, Daniel A | | SMC Humphreys  003X840769 Office | | | | | | | | | |
| | | Current Insurance Carrier: | | BlueCare | | | | | | | | | | |
| 03/04/2019-03/04/2019 | | 03/08/2019 | 99024 | | | | | | | | | | | |
| | | | | | Postoperative follow-up visit, incl | | 1.00 | | $0.00 | | | | $0.00 | $0.00 |
| | | | | | Visit Total/Balance Due | | | | $0.00 | | $0.00 | $0.00 | $0.00 | $0.00 |
| | | | | | Selected Visit Totals | | | | $9,160.00 | | ($158.11) | ($126.89) | $8,875.00 | $0.00 |

# ◁ BAPTIST.

Baptist Memorial Hospital – Memphis
965 Ridge Lake Boulevard, Suite 300
Memphis, TN  38120
Telephone Number: (901) 227-5433 or (800) 411-5433
Fax Number: (901) 227-5434 or (901) 227-5435

Labertha S Milton
1539 LOCUS STREET
MEMPHIS, TN 38108

Guarantor ID:  110029

Visit Coverages:
Bluecare - Bluecare

This is not a bill.  This is an itemization of your hospital services for:

Patient:  Milton, Labertha S

Admission Date:  02/06/19

Hospital Account: 2102428375

Discharge Date:  02/06/19

## Charges

| Service Date | Rev Code | Ext Px Code | Description | Qty | Amount |
|---|---|---|---|---|---|
| 02/06/2019 | 0300 | 3000000004 | BASIC METABOLIC PANEL | 1 | 515.00 |
| 02/06/2019 | 0300 | 3000000553 | CBC WITH DIFF | 1 | 135.00 |
| 02/06/2019 | 0300 | 3000000611 | PROTHROMBIN TIME | 1 | 164.00 |
| 02/06/2019 | 0300 | 3000000621 | PTT | 1 | 131.00 |
| 02/06/2019 | 0300 | 3000000968 | ANTIBODY SCREEN GEL | 1 | 279.00 |
| 02/06/2019 | 0300 | 3000000985 | ABO GROUP ONLY | 1 | 261.00 |
| 02/06/2019 | 0300 | 3000000987 | RH TYPE ONLY | 1 | 234.00 |
| 02/06/2019 | 0300 | 3000001270 | VENIPUNCTURE | 1 | 32.00 |
| 02/06/2019 | 0320 | 3200000289 | HC XR CHEST 2 VWS | 1 | 362.00 |
| Total charges: | | | | | 2,113.00 |

## Payments and Adjustments

| Date | Description | Amount |
|---|---|---|
| 02/25/19 | Bluecare Payments | -148.76 |
| 02/25/19 | Bluecare Adjustments | -1,964.24 |
| Total payments and adjustments: | | -2,113.00 |

Current Hospital Account Balance:  $0.00

# ⬭BAPTIST.

Baptist Memorial Hospital – Memphis
965 Ridge Lake Boulevard, Suite 300
Memphis, TN 38120
Telephone Number: (901) 227-5433 or (800) 411-5433
Fax Number: (901) 227-5434 or (901) 227-5435

Labertha S Milton
1539 LOCUS STREET
MEMPHIS, TN 38108

Guarantor ID:  110029

Visit Coverages:
Bluecare - Bluecare

This is not a bill.  This is an itemization of your hospital services for:

Patient:  Milton, Labertha S

Hospital Account: 2102414247

Admission Date:  02/18/19

Discharge Date:  02/22/19

Charges

| Service Date | Rev Code | Ext Px Code | Description | Qty | Amount |
|---|---|---|---|---|---|
| 02/18/2019 | 0200 | 2000000001 | HC ICU BED PRIVATE RC 200 | 1 | 4,114.00 |
| 02/18/2019 | 0250 | 2500000001 | BACITRACIN 50,000 UNIT SOLR | 1 | 34.73 |
| 02/18/2019 | 0250 | 2500000001 | GELATIN ABSORBABLE POWD 1 G PACKET | 1 | 59.90 |
| 02/18/2019 | 0250 | 2500000001 | GELATIN ADSORBABLE 100 SPGE | 1 | 50.30 |
| 02/18/2019 | 0250 | 2500000001 | ISOFLURANE 99.9 % LIQD | 1 | 11.38 |
| 02/18/2019 | 0250 | 2500000001 | KETAMINE 50 MG/ML SOLN | 1 | 3.41 |
| 02/18/2019 | 0250 | 2500000001 | LABETALOL 20 MG/4 ML (5 MG/ML) SYRG 4 ML SYRINGE | 1 | 31.80 |
| 02/18/2019 | 0250 | 2500000001 | NICARDIPINE IN NS 40 MG/200 ML PGBK | 1 | 945.00 |
| 02/18/2019 | 0250 | 2500000001 | REMIFENTANIL 1 MG SOLR 1 EACH VIAL | 2 | 1,342.55 |
| 02/18/2019 | 0250 | 2500000001 | REMIFENTANIL 1 MG SOLR 1 EACH VIAL | 2 | 1,342.55 |
| 02/18/2019 | 0250 | 2500000001 | ROCURONIUM 10 MG/ML SOLN | 1 | 31.24 |
| 02/18/2019 | 0250 | 2500000001 | ROCURONIUM 10 MG/ML SOLN | 1 | 31.24 |
| 02/18/2019 | 0250 | 2500000001 | SURGICEL 4X8 1 EACH | 1 | 188.80 |
| 02/18/2019 | 0250 | 2500000001 | THROMBIN - BOVINE 20,000 UNIT SOLR | 2 | 974.88 |
| 02/18/2019 | 0258 | 2580000001 | LACTATED RINGERS SOLP | 1 | 138.00 |
| 02/18/2019 | 0258 | 2580000001 | SODIUM CHLORIDE 0.9 % SOLP | 1 | 138.00 |
| 02/18/2019 | 0258 | 2580000001 | SODIUM CHLORIDE 0.9 % SOLP | 1 | 138.00 |
| 02/18/2019 | 0258 | 2580000001 | SODIUM CHLORIDE 0.9 % SOLP | 1 | 138.00 |
| 02/18/2019 | 0258 | 2580000001 | SODIUM CHLORIDE 0.9 % SOLP 250 ML BAG | 1 | 126.50 |
| 02/18/2019 | 0258 | 2580000001 | SODIUM CHLORIDE 0.9 % SOLP 50 ML BAG | 1 | 43.70 |
| 02/18/2019 | 0258 | 2580000001 | SODIUM CHLORIDE 0.9 % SOLP 50 ML BAG | 1 | 43.70 |
| 02/18/2019 | 0258 | 2580000001 | SODIUM CHLORIDE 0.9 % WITH KCL 20 MEQ 20 MEQ/L SOLP | 1 | 92.00 |
| 02/18/2019 | 0270 | 2700000100 | HC OXYGEN DAILY | 1 | 479.00 |
| 02/18/2019 | 0272 | 2720000026 | CATH 16FR FOLEY TEMP SENSING | 1 | 121.00 |
| 02/18/2019 | 0272 | 2720000026 | CLIP GUN CG8901 | 1 | 228.00 |
| 02/18/2019 | 0272 | 2720000026 | CLIPPER GUN CLIP CM8902 | 1 | 60.00 |
| 02/18/2019 | 0272 | 2720000026 | PERFORATOR CRANIAL DISP 14 | 1 | 620.00 |
| 02/18/2019 | 0272 | 2720000026 | PIN MAYFIELD SKULL A1072 | 1 | 154.00 |
| 02/18/2019 | 0272 | 2720000026 | PROBE DOPPLER DISP | 1 | 596.00 |
| 02/18/2019 | 0272 | 2720000026 | SUTURE 4-0 SILK TF BLK C084D | 4 | 199.00 |

| Service Date | Rev Code | Ext Px Code | Description | Qty | Amount |
|---|---|---|---|---|---|
| 02/18/2019 | 0272 | 2720000026 | SYSTEM BATTERY IQ | 2 | 224.00 |
| 02/18/2019 | 0272 | 2720000026 | TOOL DISSECTING 1.1 TAPER | 1 | 339.00 |
| 02/18/2019 | 0272 | 2720000026 | TOOL DISSECTING 2.3 TAPER | 1 | 321.00 |
| 02/18/2019 | 0278 | 2780000002 | PLATE 2-HOLE 01-7347 | 3 | 365.16 |
| 02/18/2019 | 0278 | 2780000002 | SCREW SD X-DR 1.5 X 4 HT | 6 | 902.00 |
| 02/18/2019 | 0300 | 3000000544 | BETA HCG SERUM QUAL | 1 | 263.00 |
| 02/18/2019 | 0300 | 3000000968 | ANTIBODY SCREEN GEL | 1 | 279.00 |
| 02/18/2019 | 0300 | 3000000985 | ABO GROUP ONLY | 1 | 261.00 |
| 02/18/2019 | 0300 | 3000000987 | RH TYPE ONLY | 1 | 234.00 |
| 02/18/2019 | 0300 | 3000001002 | COMPUTER XM OK | 1 | 279.00 |
| 02/18/2019 | 0300 | 3000001002 | COMPUTER XM OK | 1 | 279.00 |
| 02/18/2019 | 0300 | 3000001270 | VENIPUNCTURE | 1 | 32.00 |
| 02/18/2019 | 0360 | 3600000005 | HC OR LEVEL THREE 1ST HOUR | 1 | 6,455.00 |
| 02/18/2019 | 0360 | 3600000006 | HC OR LEVEL THREE EA ADDL 1/4 HR | 13 | 20,969.00 |
| 02/18/2019 | 0370 | 3700000009 | HC ANESTHESIA GENERAL LEVEL TWO PER HR | 5 | 2,985.00 |
| 02/18/2019 | 0636 | 6360000019 | ACETAMINOPHEN INJ, 10 MG | 100 | 195.00 |
| 02/18/2019 | 0636 | 6360000019 | CEFAZOLIN INJ, 500 MG | 4 | 9.86 |
| 02/18/2019 | 0636 | 6360000019 | DEXAMETHASONE INJ, 1 MG | 8 | 7.35 |
| 02/18/2019 | 0636 | 6360000019 | FENTANYL INJ, 0.1 MG | 1 | 3.30 |
| 02/18/2019 | 0636 | 6360000019 | FENTANYL INJ, 0.1 MG | 1 | 3.30 |
| 02/18/2019 | 0636 | 6360000019 | FENTANYL INJ, 0.1 MG | 1 | 3.30 |
| 02/18/2019 | 0636 | 6360000019 | GENTAMICIN INJ, 80 MG | 1 | 6.60 |
| 02/18/2019 | 0636 | 6360000019 | HYDROMORPHONE INJ, UP TO 4 MG | 1 | 22.37 |
| 02/18/2019 | 0636 | 6360000019 | HYDROMORPHONE INJ, UP TO 4 MG | 1 | 35.42 |
| 02/18/2019 | 0636 | 6360000019 | MIDAZOLAM INJ, 1 MG | 1 | 35.42 |
| 02/18/2019 | 0636 | 6360000019 | ONDANSETRON HCL INJ, 1 MG | 2 | 7.53 |
| 02/18/2019 | 0636 | 6360000019 | ONDANSETRON HCL INJ, 1 MG | 4 | 3.20 |
| 02/18/2019 | 0636 | 6360000019 | PHENYLEPHRINE INJ PER 10 MG | 4 | 3.20 |
| 02/18/2019 | 0636 | 6360000019 | PHENYLEPHRINE INJ PER 10 MG | 1 | 0.42 |
| 02/18/2019 | 0636 | 6360000019 | PROPOFOL INJ 10 MG | 2 | 48.47 |
| 02/18/2019 | 0636 | 6360000019 | SUCCINYLCHOLINE INJ PER 20 MG | 20 | 15.90 |
| 02/18/2019 | 0710 | 7100000001 | HC RECOVERY ROOM PER HR | 5 | 493.05 |
| 02/18/2019 | 0110 | 1100000001 | PRIVATE ROOM ACUTE CARE | 2 | 1,612.00 |
| 02/19/2019 | 0258 | 2580000001 | SODIUM CHLORIDE 0.9 % WITH KCL 20 MEQ 20 MEQ/L SOLP | 1 | 1,282.00 |
| 02/19/2019 | 0258 | 2580000001 | SODIUM CHLORIDE 0.9 % WITH KCL 20 MEQ 20 MEQ/L SOLP | 1 | 92.00 |
| 02/19/2019 | 0300 | 3000000004 | BASIC METABOLIC PANEL | 1 | 92.00 |
| 02/19/2019 | 0300 | 3000000553 | CBC WITH DIFF | 1 | 515.00 |
| 02/19/2019 | 0300 | 3000001270 | VENIPUNCTURE | 1 | 135.00 |
| 02/19/2019 | 0636 | 6360000019 | HEPARIN SODIUM INJ, 1000 UNITS | 1 | 32.00 |
| 02/19/2019 | 0636 | 6360000019 | HYDROMORPHONE INJ, UP TO 4 MG | 5 | 23.40 |
| 02/19/2019 | 0636 | 6360000019 | HYDROMORPHONE INJ, UP TO 4 MG | 1 | 35.42 |
| 02/19/2019 | 0636 | 6360000019 | HYDROMORPHONE INJ, UP TO 4 MG | 1 | 35.42 |
| 02/19/2019 | 0636 | 6360000019 | ONDANSETRON HCL INJ, 1 MG | 1 | 35.42 |
| 02/19/2019 | 0636 | 6360000019 | ONDANSETRON HCL INJ, 1 MG | 4 | 3.96 |
| 02/19/2019 | 0636 | 6360000019 | ONDANSETRON HCL INJ, 1 MG | 4 | 3.96 |
| 02/19/2019 | 0636 | 6360000019 | ONDANSETRON HCL INJ, 1 MG | 4 | 3.96 |
| 02/19/2019 | 0637 | 6370000001 | ATORVASTATIN 40 MG TAB | 4 | 3.96 |
| 02/19/2019 | 0637 | 6370000001 | LEVETIRACETAM 500 MG TAB | 1 | 0.16 |
| 02/19/2019 | 0637 | 6370000001 | SENNA-DOCUSATE 8.6-50 MG TAB | 1 | 0.11 |
| 02/20/2019 | 0110 | 1100000001 | PRIVATE ROOM ACUTE CARE | 1 | 0.03 |
| 02/20/2019 | 0636 | 6360000019 | HEPARIN SODIUM INJ, 1000 UNITS | 1 | 1,282.00 |
| 02/20/2019 | 0636 | 6360000019 | HEPARIN SODIUM INJ, 1000 UNITS | 5 | 6.46 |
| 02/20/2019 | 0636 | 6360000019 | HEPARIN SODIUM INJ, 1000 UNITS | 5 | 6.46 |
| 02/20/2019 | 0636 | 6360000019 | HYDROMORPHONE INJ, UP TO 4 MG | 5 | 6.46 |
| 02/20/2019 | 0636 | 6360000019 | HYDROMORPHONE INJ, UP TO 4 MG | 1 | 35.42 |
| 02/20/2019 | 0636 | 6360000019 | HYDROMORPHONE INJ, UP TO 4 MG | 1 | 35.42 |
| 02/20/2019 | 0636 | 6360000019 | ONDANSETRON HCL INJ, 1 MG | 1 | 35.42 |
| 02/20/2019 | 0636 | 6360000019 | ONDANSETRON HCL INJ, 1 MG | 4 | 3.96 |
| 02/20/2019 | 0636 | 6360000019 | ONDANSETRON HCL INJ, 1 MG | 4 | 3.96 |

Guarantor #**110029**, Page 3 of 3

| Service Date | Rev Code | Ext Px Code | Description | Qty | Amount |
|---|---|---|---|---|---|
| 02/20/2019 | 0636 | 6360000019 | ONDANSETRON HCL INJ, 1 MG | 4 | 3.96 |
| 02/20/2019 | 0637 | 6370000001 | ATORVASTATIN 40 MG TAB | 1 | 0.16 |
| 02/20/2019 | 0637 | 6370000001 | LEVETIRACETAM 500 MG TAB | 1 | 0.11 |
| 02/20/2019 | 0637 | 6370000001 | LEVETIRACETAM 500 MG TAB | 1 | 0.11 |
| 02/20/2019 | 0637 | 6370000001 | POLYETHYLENE GLYCOL 17 GRAM PWPK | 1 | 1.03 |
| 02/20/2019 | 0637 | 6370000001 | SENNA-DOCUSATE 8.6-50 MG TAB | 1 | 0.03 |
| 02/21/2019 | 0110 | 1100000001 | SENNA-DOCUSATE 8.6-50 MG TAB | 1 | 0.03 |
| 02/21/2019 | 0424 | 4240000004 | PRIVATE ROOM ACUTE CARE | 1 | 1,282.00 |
| 02/21/2019 | 0636 | 6360000019 | HC PT EVALUATION MOD COMPLEXITY 30 MIN | 1 | 693.00 |
| 02/21/2019 | 0636 | 6360000019 | HEPARIN SODIUM INJ, 1000 UNITS | 5 | 6.46 |
| 02/21/2019 | 0636 | 6360000019 | HEPARIN SODIUM INJ, 1000 UNITS | 5 | 6.46 |
| 02/21/2019 | 0636 | 6360000019 | HEPARIN SODIUM INJ, 1000 UNITS | 5 | 6.46 |
| 02/21/2019 | 0637 | 6370000001 | ONDANSETRON HCL INJ, 1 MG | 4 | 3.96 |
| 02/21/2019 | 0637 | 6370000001 | ASPIRIN 81 MG CHEW | 1 | 0.04 |
| 02/21/2019 | 0637 | 6370000001 | ATORVASTATIN 40 MG TAB | 1 | 0.16 |
| 02/21/2019 | 0637 | 6370000001 | HYDROCODONE-ACETAMINOPHEN 5-325 MG TAB | 1 | 5.10 |
| 02/21/2019 | 0637 | 6370000001 | HYDROCODONE-ACETAMINOPHEN 5-325 MG TAB | 1 | 5.10 |
| 02/21/2019 | 0637 | 6370000001 | LEVETIRACETAM 500 MG TAB | 1 | 0.11 |
| 02/21/2019 | 0637 | 6370000001 | LEVETIRACETAM 500 MG TAB | 1 | 0.11 |
| 02/21/2019 | 0637 | 6370000001 | POLYETHYLENE GLYCOL 17 GRAM PWPK | 1 | 1.03 |
| 02/21/2019 | 0637 | 6370000001 | SENNA-DOCUSATE 8.6-50 MG TAB | 1 | 0.03 |
| 02/21/2019 | 0637 | 6370000001 | SENNA-DOCUSATE 8.6-50 MG TAB | 1 | 0.03 |
| 02/22/2019 | 0420 | 4200000023 | HC PT EXERCISE I EA 15 MIN | 1 | 157.00 |
| 02/22/2019 | 0420 | 4200000029 | HC PT GAIT TRAINING I EA 15 MIN | 1 | 157.00 |
| 02/22/2019 | 0434 | 4340000003 | HC OT EVALUATION LOW COMPLEXITY 30 MIN | 1 | 693.00 |
| 02/22/2019 | 0636 | 6360000019 | HEPARIN SODIUM INJ, 1000 UNITS | 5 | 5.16 |
| 02/22/2019 | 0637 | 6370000001 | ASPIRIN 81 MG CHEW | 1 | 0.04 |
| 02/22/2019 | 0637 | 6370000001 | HYDROCODONE-ACETAMINOPHEN 5-325 MG TAB | 1 | 5.10 |
| 02/22/2019 | 0637 | 6370000001 | LEVETIRACETAM 500 MG TAB | 1 | 0.11 |
| 02/22/2019 | 0637 | 6370000001 | POLYETHYLENE GLYCOL 17 GRAM PWPK | 1 | 1.03 |
| 02/22/2019 | 0637 | 6370000001 | SENNA-DOCUSATE 8.6-50 MG TAB | 1 | 0.03 |

Total charges: 55,690.93

**Payments and Adjustments**

| Date | Description | Amount |
|---|---|---|
| 03/04/19 | Bluecare Adjustments | -41,244.94 |

Total payments and adjustments: -41,244.94

Current Hospital Account Balance: $14,645.99

12/20/2018 THU 22:11 FAX                                                    ☑008/008

Summary View                                                               Page 1 of 1

**Patient:** Milton, Labertha S   **DOB:** ▓▓▓▓▓      **Phone:** ▓▓▓▓▓▓▓
**Address:** 1998 MIMS CT , APT 2 , Memphis, TN, US, 38116
**Claim Date:** 09/07/2018    **Encounter Date:** 09/05/2018
**Provider:** Faulk, Annalyse

**Total Amount:** $ 294.00   **Payments/Adjustments:** $ 294.00   **Balance:** $ 0.00
**Claim Number:** 225378   **Filing Status:** Patient

**ICD Codes:**

▓▓▓▓▓▓▓▓ (▓▓▓▓▓▓▓▓▓▓▓ ▓▓e).
▓▓▓▓▓▓▓▓▓▓▓▓▓
▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
▓▓▓▓▓▓▓▓▓▓▓
▓▓▓▓▓▓▓.
▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
▓▓▓▓▓▓▓▓▓▓▓▓
▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
▓▓▓▓▓▓▓▓▓▓▓

**CPT Codes:**

| Code | Modifiers | Start Dt | End Dt | POS | TOS | Unit Fee | Units | Billed Fee |
|---|---|---|---|---|---|---|---|---|
| 99203 Office visit - new pt, level 3 | | 09/05/2018 | 09/05/2018 | 11-OFFICE | 1 -Medical Care | $294.00 | 1.00 | $294.00 |
| 3008F Body Mass Index (BMI), documented (PV) | | 09/05/2018 | 09/05/2018 | 11-OFFICE | 1 -Medical Care | $0.00 | 1.00 | $0.00 |

**Insurances:**

| Name | Group No | Subscriber No | Type | File Status |
|---|---|---|---|---|
| BlueCare MDD | 125000 | ZECM12139365 | MC | |

**Payment:**

| From | Date | Type | Check No | Payment |
|---|---|---|---|---|
| BlueCare MDD | 09/21/2018 | Check | 201809211110076700 | $75.29 |

**Claim Data:**

**Symptom Indicator:** No Symptom Date
**Referring Provider:** Green, Reginique NPI 1952401044

**Claim Header:**

**Residence Type:**
**Student Status:** Not a student
**Employment Status:** Unknown
**Primary Insurance:**
**Claim Type:** Medical

**Claim Log:**

09/10/2018  11:06 PM  Electronic Submission to BlueCare MDD

https://tncchsapp.ecwcloud.com/mobiledoc/jsp/catalog/xml/getClaimSummary.jsp?claimI...   12/20/2018

(CIRCUIT/CHANCERY) COURT OF TENNESSEE
140 ADAMS AVENUE, MEMPHIS, TENNESSEE 38103
FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

ELECTRONICALLY FILED
2019 May 01 6:43 PM
CLERK OF COURT

## SUMMONS IN CIVIL ACTION

Docket No. _____

⦿ Lawsuit
◯ Divorce

Ad Damnum $ _____

| LABERTHA MILTON | VS | DEVIN RUSSELL and LYFT, INC. |
|---|---|---|

Plaintiff(s)                                  Defendant(s)

TO: (Name and Address of Defendant (One defendant per summons))

DEVIN RUSSELL
8925 Turnberry Place
Memphis TN 38125

Method of Service:
◯ Certified Mail
⦿ Shelby County Sheriff
◯ Commissioner of Insurance ($)
◯ Secretary of State ($)
◯ Other TN County Sheriff ($)
◯ Private Process Server
◯ Other

($) Attach Required Fees

You are hereby summoned and required to defend a civil action by filing your answer with the Clerk of the Court and

serving a copy of your answer to the Complaint on P. Craig Grinstead                                          Plaintiff's

attorney, whose address is 44 N. Second St., Ste.# 400, Memphis TN 38103

telephone 901-729-7168            within THIRTY (30) DAYS after this summons has been served upon you, not including the day
of service. If you fail to do so, a judgment by default may be taken against you for the relief demanded in the Complaint.

TEMIKA D. GIPSON, Clerk / DONNA RUSSELL, Clerk and Master

*TESTED AND ISSUED* _____   By _____, D.C.

TO THE DEFENDANT:

NOTICE: Pursuant to Chapter 919 of the Public Acts of 1980, you are hereby given the following notice:
Tennessee law provides a ten thousand dollar ($10,000) personal property exemption from execution or seizure to satisfy a judgment. If a judgment
should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish
to claim as exempt with the Clerk of the Court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless
it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain
items are automatically exempt by law and do not need to be listed. These include items of necessary wearing apparel (clothing) for yourself and
your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible and school books. Should any of these
items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek
the counsel of a lawyer.

FOR AMERICANS WITH DISABILITIES ACT (ADA) ASSISTANCE ONLY, CALL (901) 222-2341

I, TEMIIKA D. GIPSON / DONNA RUSSELL, Clerk of the Court, Shelby County, Tennessee, certify this to be a true and accurate copy as filed this

_____ 20___

TEMIIKA D. GIPSON, Clerk / DONNA RUSSELL, Clerk and Master      By: _____, D.C.

RETURN OF SERVICE OF SUMMONS

I HEREBY CERTIFY THAT I **HAVE** SERVED THE WITHIN SUMMONS:

By delivering on the _____ day of _____, 20_____ at _____ M. a copy of the summons

and a copy of the Complaint to the following Defendant _____

at _____

_____          By: _____
Signature of person accepting service                        Sheriff or other authorized person to serve process

RETURN OF NON-SERVICE OF SUMMONS

I HEREBY CERTIFY THAT I **HAVE NOT** SERVED THE WITHIN SUMMONS:

To the named Defendant _____

because _____is (are) not to be found in this County after diligent search and inquiry for the following

reason(s): _____

This _____ day of _____, 20_____.

By: _____
Sheriff or other authorized person to serve process



**The Shelby County, Tennessee Circuit Court**

**Case Style:** LABERTHA MILTON VS DELVIN RUSSELL

**Case Number:** CT-1944-19

**Type:** SUMMONS ISSD TO SHELBY SHRF

Ms Sheri C Carter, DC

Electronically signed on 05/02/2019 08:12:22 AM

**(CIRCUIT/CHANCERY) COURT OF TENNESSEE**
**140 ADAMS AVENUE, MEMPHIS, TENNESSEE 38103**
**FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS**

ELECTRONICALLY FILED
2019 May 01 6:43 PM
CLERK OF COURT

## SUMMONS IN CIVIL ACTION

Docket No. _____

☉ Lawsuit
○ Divorce

Ad Damnum $ _____

| LABERTHA MILTON | VS | DEVIN RUSSELL and LYFT, INC. |
|---|---|---|
| Plaintiff(s) | | Defendant(s) |

TO: (Name and Address of Defendant (One defendant per summons))

CT Corporation o/b/o LYFT, INC.
300 Montvue Rd.
Knoxville, TN 37919

Method of Service:
○ Certified Mail
○ Shelby County Sheriff
○ Commissioner of Insurance ($)
○ Secretary of State ($)
○ Other TN County Sheriff ($)
○ Private Process Server
○ Other

($) Attach Required Fees

You are hereby summoned and required to defend a civil action by filing your answer with the Clerk of the Court and

serving a copy of your answer to the Complaint on P. Craig Grinstead                               Plaintiff's

attorney, whose address is 44 N. Second St., Ste.# 400, Memphis TN 38103

telephone 901-729-7168               within THIRTY (30) DAYS after this summons has been served upon you, not including the day
of service. If you fail to do so, a judgment by default may be taken against you for the relief demanded in the Complaint.

TEMIIKA D. GIPSON, Clerk / DONNA RUSSELL, Clerk and Master

TESTED AND ISSUED _____   By _____, D.C.

### TO THE DEFENDANT:

NOTICE; Pursuant to Chapter 919 of the Public Acts of 1980, you are hereby given the following notice:
Tennessee law provides a ten thousand dollar ($10,000) personal property exemption from execution or seizure to satisfy a judgment. If a judgment
should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish
to claim as exempt with the Clerk of the Court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless
it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain
items are automatically exempt by law and do not need to be listed. These include items of necessary wearing apparel (clothing) for yourself and
your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible and school books. Should any of these
items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek
the counsel of a lawyer.

FOR AMERICANS WITH DISABILITIES ACT (ADA) ASSISTANCE ONLY, CALL (901) 222-2341

I, TEMIIKA D. GIPSON / DONNA RUSSELL , Clerk of the Court, Shelby County, Tennessee, certify this to be a true and accurate copy as filed this

_____ 20__

TEMIIKA D. GIPSON , Clerk / DONNA RUSSELL, Clerk and Master     By: _____, D.C.

RETURN OF SERVICE OF SUMMONS

I HEREBY CERTIFY THAT I **HAVE** SERVED THE WITHIN SUMMONS:

By delivering on the _____ day of _____, 20_____ at _____ M. a copy of the summons

and a copy of the Complaint to the following Defendant _____

at _____

_____
Signature of person accepting service

By: _____
Sheriff or other authorized person to serve process

RETURN OF NON-SERVICE OF SUMMONS

I HEREBY CERTIFY THAT I **HAVE NOT** SERVED THE WITHIN SUMMONS:

To the named Defendant _____

because _____ is (are) not to be found in this County after diligent search and inquiry for the following

reason(s): _____

This _____ day of _____, 20_____.

By: _____
Sheriff or other authorized person to serve process



**The Shelby County, Tennessee Circuit Court**

**Case Style:**       LABERTHA MILTON VS DELVIN RUSSELL

**Case Number:**    CT-1944-19

**Type:**                 SUMMONS ISSD TO MISC

Ms Sheri C Carter, DC

Electronically signed on 05/02/2019 08:12:22 AM



2 (mc)

## IN THE CIRCUIT/CHANCERY COURT OF SHELBY COUNTY, TENNESSEE FOR THE THIRTIETH JUDICAL DISTRICT AT MEMPHIS

| | | |
|---|---|---|
| LABERTHA MILTON, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. CT1944-19 |
| | ) | **JURY DEMANDED** |
| v. | ) | |
| | ) | |
| DELVIN RUSSELL and, | ) | F I L E D |
| LYFT, INC. | ) | |
| | ) | JUN – 7 2019 |
| | ) | CIRCUIT COURT CLERK |
| Defendants. | ) | BY _____ D.C. |

### NOTICE OF APPEARANCE

COME NOW the undersigned counsel and hereby give notice of their appearance on behalf of Lyft, Inc. in the above entitled action. All further notices and copies of pleadings, papers and other materials relevant to this action should be directed to and served upon said attorney. This Notice of Appearance is made without waiver of, and with specific reservation of all defenses set out under Rule 12 of the Tennessee Rules of Civil Procedure.

Respectfully Submitted,

CARLOCK, COPELAND & STAIR, LLP

_Angela C. Kopet_
ANGELA CIRINA KOPET; BPR 017921
MOLLY A. SIMBECK; BPR 036204
920 McCallie Avenue
Chattanooga, TN 37403
Phone: 423-713-7075
Fax: 423-648-2283

EXHIBIT
2

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and exact copy of this pleading has been served upon counsel for the Plaintiff by placing a true and exact copy of said pleading in the United States Mail with sufficient postage thereupon to carry the same to its destination, addressed as follows:

R. Craig Grinstead, Esq.
The Grinstead Law Firm, PLLC
44 N. Second St., Suite 400
Memphis, TN 38103
Phone: (901) 729-7168
Fax: (901) 729-7321
*Attorney for Plaintiff*

James E. King, Jr., Esq.
Eskins, King & Marney, PC
200 Jefferson
15th Floor
Memphis, TN 38103
Phone: (901) 578-6902
Fax: (901) 578-8690
*Attorny for Plaintiff*

This 29th day of ___May___, 2019

CARLOCK, COPELAND & STAIR, LLP

2

6830914v.1

<u>IN THE CIRCUIT/CHANCERY COURT FOR SHELBY COUNTY, TENNESSEE</u>
<u>FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS</u>

| | | |
|---|---|---|
| LABERTHA MILTON, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| vs. | ) | **Docket No.  CT1944-19** |
| | ) | **JURY DEMANDED** |
| DELVIN RUSSELL and LYFT, INC., | ) | |
| | ) | |
|     Defendants. | ) | |
| | ) | |

## ANSWER OF DELVIN RUSSELL

COMES NOW Defendant DELVIN RUSSELL (Defendant"), and in answer to the Complaint of the Plaintiff denies and alleges as follows:

### FIRST DEFENSE

Pursuant to Rule 12 of the Tennessee Rules of Civil Procedure, Plaintiff's Complaint fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

Plaintiff's alleged damages were not proximately caused by this Defendant.  The injuries and damages complained of by Plaintiff were caused by parties, entities and/or circumstances, including Plaintiff in instructing this Defendant to suddenly turn, beyond the control of this Defendant.  Consequently, there cannot be any recovery against this Defendant.

### THIRD DEFENSE

This answering Defendant alleges that Plaintiff has failed to mitigate her damages, if any, and that said failure to mitigate has proximately caused or contributed to the matters complained of and the damages alleged in the Complaint, if any.  Therefore, the amount of damages to which

1


EXHIBIT
3

Plaintiff is entitled, if any, should be reduced by the amount of damages which would have otherwise been mitigated.

### FOURTH DEFENSE

Based on the allegations contained in Plaintiff's Complaint, and to avoid waiver, Defendant would allege that the injuries and damages alleged by Plaintiff, if any, were proximately caused by the negligence, recklessness, or intentional conduct of Plaintiff in instructing this Defendant to suddenly turn, Michael Pate in speeding and failing to avoid an accident, and possibly other persons and/or entities for which this Defendant is not responsible; and thus, this answering Defendant is entitled to an allocation of such negligent, reckless and intentional conduct amongst these individuals/entities, conduct which this answering Defendant denies. Thus, if any liability is found against this answering Defendant, judgment should be assessed against this answering Defendant only to the extent that it represents the proportionate percentage by which this answering Defendant's acts and/or omissions contributed to Plaintiff's injuries, if any.

### FIFTH DEFENSE

The incident described in the Plaintiff's Complaint, and all resulting damage and injury, if any, were the result of unavoidable consequences as far as this answering Defendant is concerned.

### SIXTH DEFENSE

In the event this Defendant is found liable, this Defendant is entitled to indemnification and/or contribution from any person or entity whose negligence proximately contributed to the incident forming the basis of the Complaint and/or the resulting injuries and damages, if any.

## SEVENTH DEFENSE

Defendant would allege that Plaintiff cannot prove any facts showing that the conduct of this answering Defendant was the cause in fact of any alleged injuries or damages suffered by Plaintiff as alleged in the Complaint.

## EIGHTH DEFENSE

Defendant would allege that Plaintiff cannot prove any facts showing that the conduct of this answering Defendant was the proximate cause of any injuries or damages as alleged in the Complaint.

## NINTH DEFENSE

Defendant asserts that Plaintiff is held to the terms of the Lyft Terms of Service that she consented to when she requested her ride from Lyft; this includes, but is not limited to, Section 17 outlining Plaintiff's agreement to binding arbitration.

## TENTH DEFENSE

Although Defendant denies any and all wrongdoing, Defendant relies on any caps for damages as to the maximum amount of compensatory damages applicable against it.

## ELEVENTH DEFENSE

This answering Defendant presently has insufficient knowledge or information upon which to form a belief as to whether it may have additional, as yet unknown, Affirmative Defenses or other defenses.  This answering Defendant reserves herein the right to assert additional Affirmative Defenses and other defenses in the event discovery indicates it would be appropriate.

## RESPONSES TO SPECIFIC ALLEGATIONS

Subject to and without waiving the foregoing defenses, this Defendant responds to the specific allegations of Plaintiff's Complaint as follows:

1.      This Defendant is without information to form a belief as to the allegations contained in Paragraph 1 of Plaintiff's Complaint; thus, these allegations are denied and strict proof of same is requested.

2.      This Defendant denies the allegations contained in Paragraph 2 of Plaintiff's Complaint.

3.      Upon information and belief, this Defendant admits the allegations contained in Paragraph 3 of Plaintiff's Complaint.

4.      This Defendant admits that a collision occurred on or about the date stated in Shelby County, Tennessee. This Defendant is without information to form a belief as to the allegations of damages and losses allegedly sustained by Plaintiff; thus, the allegations contained in Paragraph 4 of the Plaintiff's Complaint are denied and strict proof of same is requested. Defendant denies he was negligent as alleged.

5.      Upon information and belief, this Defendant admits this Court may have jurisdiction and be a proper venue but denies it is the only Court that may have jurisdiction and be a proper venue.

6.      In response to Paragraph 6 of Plaintiff's Complaint, Defendant admits that Plaintiff was a passenger in the car driven by this Defendant on or about the date stated. This Defendant denies the remaining allegations contained in Paragraph 6 of the Plaintiff's Complaint. Defendant Lyft did not hire, control, or employ this Defendant. Rather, at the time of the alleged incident, this Defendant was an independent contractor who used the Lyft

4

application, website, and technology platform (collectively, "platform" or "Lyft platform") to connect with other platform users looking for a ride pursuant to Lyft's Terms of Service.

7.      This Defendant denies the allegations contained in Paragraph 7 of Plaintiff's Complaint as stated.

8.      Paragraph 8 of Plaintiff's Complaint does not require a response. To the extent a response is required, Defendant re-alleges and incorporates by reference his responses to each Paragraph above as if set forth verbatim.

9.      This Defendant denies the allegations contained in Paragraph 9 of the Complaint as stated.

10.     This Defendant denies the allegations contained in Paragraph 10 of the Complaint as stated.

11.     This Defendant denies the allegations contained in Paragraph 11 of the Complaint as stated.

12.     Denied. Defendant Lyft did not hire, control, or employ this Defendant.  Rather, at the time of the alleged incident, this Defendant was an independent contractor who used the Lyft platform at his discretion to connect with other Lyft platform users looking for a ride pursuant to Lyft's Terms of Service.  Defendant denies he was negligent as alleged.

13.     This Defendant denies the allegations contained in Paragraph 13 of Plaintiff's Complaint as stated.

14.     This Defendant is without information to form a belief as to the allegations of damages and losses allegedly sustained by Plaintiff; thus, the allegations contained in Paragraph 14 of the Plaintiff's Complaint are denied and strict proof of same is requested. This Defendant further denies he was negligent as alleged, and that the presumption of necessity and

reasonableness applies to the medical bills attached to Plaintiff's Complaint pursuant to T.C.A. Section 24-5-113(b).

15.     This Defendant is without information to form a belief as to the allegations of damages and losses allegedly sustained by Plaintiff; thus, the allegations contained in Paragraph 15 of the Plaintiff's Complaint are denied and strict proof of same is requested.

16.     To the extent a response is required, this Defendant denies any allegations set forth in the WHEREFORE paragraph of Plaintiff's Complaint.

17.     Any and all allegations not heretofore admitted, denied or explained, are now denied as if specifically denied herein.

WHEREFORE, this Defendant respectfully prays for judgment as follows:

1.     That Plaintiff takes nothing by way of her Complaint;

2.     That this Defendant has judgment for costs of suit incurred herein; and

3.     For such other and further relief as the Court may deem just and proper.

Defendant also requests a JURY OF TWELVE be empaneled to try the issues of this cause.

This 3rd day of July, 2019.

Respectfully Submitted,

**CARLOCK, COPELAND & STAIR, LLP**

ANGELA CIRINA KOPET; BPR 017921
MOLLY A. SIMBECK; BPR 036204
920 McCallie Avenue
Chattanooga, TN 37403
Phone: 423-713-7075
Fax: 423-648-2283

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and exact copy of this pleading has been served upon counsel of record by placing a true and exact copy of said pleading in the United States Mail with sufficient postage thereupon to carry the same to its destination, addressed as follows:

P. Craig Grinstead
44 N. Second St., Suite 400
Memphis, TN 38103
Phone: 901-729-7168
Cgrinstead@grinsteadlaw.org
*Attorneys for Plaintiff*

James E. King, Jr.
200 Jefferson
15th Floor
Memphis, TN 38103
Phone: 901-578-6902
Jking@eskinking.com
*Attorneys for Plaintiff*

This _3rd_ day of July, 2019.

CARLOCK, COPELAND & STAIR, LLP

_____

7

<u>IN THE CIRCUIT/CHANCERY COURT FOR SHELBY COUNTY, TENNESSEE</u>
<u>FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS</u>

LABERTHA MILTON,          )
                        )
     Plaintiff,          )
                        )
vs.                    )    **Docket No.  CT1944-19**
                        )    **JURY DEMANDED**
DELVIN RUSSELL and LYFT, INC.,   )
                        )
     Defendants.       )
                        )

---

## ANSWER OF LYFT, INC.

---

COMES NOW Defendant LYFT, INC. (Defendant"), and in answer to the Complaint of the Plaintiff denies and alleges as follows:

### FIRST DEFENSE

Pursuant to Rule 12 of the Tennessee Rules of Civil Procedure, Plaintiff's Complaint fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

Plaintiff's alleged damages were not proximately caused by this Defendant.  The injuries and damages complained of by Plaintiff were caused by parties, entities and/or circumstances, including Plaintiff in instructing Defendant Russell to suddenly turn, beyond the control of this Defendant.  Consequently, there cannot be any recovery against this Defendant.

### THIRD DEFENSE

This answering Defendant alleges that Plaintiff has failed to mitigate her damages, if any, and that said failure to mitigate has proximately caused or contributed to the matters complained of and the damages alleged in the Complaint, if any.  Therefore, the amount of damages to which



Plaintiff is entitled, if any, should be reduced by the amount of damages which would have otherwise been mitigated.

### FOURTH DEFENSE

Based on the allegations contained in Plaintiff's Complaint, and to avoid waiver, Defendant would allege that the injuries and damages alleged by Plaintiff, if any, were proximately caused by the negligence, recklessness, or intentional conduct of Plaintiff in instructing Defendant Russell to suddenly turn, Micahel Pate in speeding and failing to avoid an accident, and possibly other persons and/or entities for which this Defendant is not responsible; and thus, this answering Defendant is entitled to an allocation of such negligent, reckless and intentional conduct amongst these individuals/entities, conduct which this answering Defendant denies. Thus, if any liability is found against this answering Defendant, judgment should be assessed against this answering Defendant only to the extent that it represents the proportionate percentage by which this answering Defendant's acts and/or omissions contributed to Plaintiff's injuries, if any.

### FIFTH DEFENSE

The incident described in the Plaintiff's Complaint, and all resulting damage and injury, if any, were the result of unavoidable consequences as far as this answering Defendant is concerned.

### SIXTH DEFENSE

In the event this Defendant is found liable, this Defendant is entitled to indemnification and/or contribution from any person or entity whose negligence proximately contributed to the incident forming the basis of the Complaint and/or the resulting injuries and damages, if any.

### SEVENTH DEFENSE

Defendant would allege that Plaintiff cannot prove any facts showing that the conduct of this answering Defendant was the cause in fact of any alleged injuries or damages suffered by Plaintiff as alleged in the Complaint.

### EIGHTH DEFENSE

Defendant would allege that Plaintiff cannot prove any facts showing that the conduct of this answering Defendant was the proximate cause of any injuries or damages as alleged in the Complaint.

### NINTH DEFENSE

Defendant asserts that Plaintiff is held to the terms of the Lyft Terms of Service that she consented to when she requested her ride from Lyft; this includes, but is not limited to, Section 17 outlining Plaintiff's agreement to binding arbitration.

### TENTH DEFENSE

Although Defendant denies any and all wrongdoing, Defendant relies on any caps for damages as to the maximum amount of compensatory damages applicable against it.

### ELEVENTH DEFENSE

This answering Defendant presently has insufficient knowledge or information upon which to form a belief as to whether it may have additional, as yet unknown, Affirmative Defenses or other defenses.  This answering Defendant reserves herein the right to assert additional Affirmative Defenses and other defenses in the event discovery indicates it would be appropriate.

## RESPONSES TO SPECIFIC ALLEGATIONS

Subject to and without waiving the foregoing defenses, this Defendant responds to the specific allegations of Plaintiff's Complaint as follows:

1.      This Defendant is without information to form a belief as to the allegations contained in Paragraph 1 of Plaintiff's Complaint; thus, these allegations are denied and strict proof of same is requested.

2.      Upon information and belief, this Defendant denies the allegations contained in Paragraph 2 of Plaintiff's Complaint.

3.      This Defendant admits the allegations contained in Paragraph 3 of Plaintiff's Complaint.

4.      Upon information and belief, this Defendant admits that a collision occurred on or about the date stated in Shelby County, Tennessee. This Defendant is without information to form a belief as to the allegations of damages and losses allegedly sustained by Plaintiff; thus, the allegations contained in Paragraph 4 of the Plaintiff's Complaint are denied and strict proof of same is requested.  This Defendant denies any negligence.

5.      Upon information and belief, this Defendant admits this Court may have jurisdiction and be a proper venue, but denies it is the only Court that may have jurisdiction and be a proper venue.

6.      In response to Paragraph 6 of Plaintiff's Complaint, Defendant admits that Plaintiff was a passenger in the car driven by Defendant Russell on or about the date stated. This Defendant denies the remaining allegations contained in Paragraph 6 of the Plaintiff's Complaint. This Defendant did not hire, control, or employ Defendant Russell.  Rather, at the time of the alleged incident, Defendant Russell was an independent contractor who used the Lyft

application, website, and technology platform (collectively, "platform" or "Lyft platform") to connect with other platform users looking for a ride pursuant to Lyft's Terms of Service.

7. This Defendant denies the allegations contained in Paragraph 7 of Plaintiff's Complaint.

8. Paragraph 8 of Plaintiff's Complaint does not require a response. To the extent a response is required, Defendant re-alleges and incorporates by reference its responses to each Paragraph above as if set forth verbatim.

9. Paragraph 9 of Plaintiff's Complaint is not directed at this Defendant. To the extent a response is required, upon information and belief, this Defendant denies the allegations contained in Paragraph 9 of the Complaint as stated.

10. Paragraph 10 of Plaintiff's Complaint is not directed at this Defendant. To the extent a response is required, upon information and belief , this Defendant denies the allegations contained in Paragraph 10 of the Complaint as stated.

11. Paragraph 11 of Plaintiff's Complaint is not directed at this Defendant. To the extent a response is required, upon information and belief, this Defendant denies the allegations contained in Paragraph 11 of the Complaint as stated.

12. Denied. Defendant Lyft did not hire, control, or employ this Defendant. Rather, at the time of the alleged incident, this Defendant was an independent contractor who used the Lyft platform at his discretion to connect with other Lyft platform users looking for a ride pursuant to Lyft's Terms of Service.

13. This Defendant denies the allegations contained in Paragraph 13 of Plaintiff's Complaint as stated.

14.     This Defendant is without information to form a belief as to the allegations of damages and losses allegedly sustained by Plaintiff; thus, the allegations contained in Paragraph 14 of the Plaintiff's Complaint are denied and strict proof of same is requested. This Defendant further denies it was negligent and that the presumption of necessity and reasonableness applies to the medical bills attached to Plaintiff's Complaint pursuant to T.C.A. Section 24-5-113(b).

15.     This Defendant is without information to form a belief as to the allegations of damages and losses allegedly sustained by Plaintiff; thus, the allegations contained in Paragraph 15 of the Plaintiff's Complaint are denied and strict proof of same is requested.

16.     To the extent a response is required, this Defendant denies any allegations set forth in the WHEREFORE paragraph of Plaintiff's Complaint.

17.     Any and all allegations not heretofore admitted, denied or explained, are now denied as if specifically denied herein.

WHEREFORE, this Defendant respectfully prays for judgment as follows:

1.     That Plaintiff takes nothing by way of her Complaint;

2.     That this Defendant has judgment for costs of suit incurred herein; and

3.     For such other and further relief as the Court may deem just and proper.

Defendant also requests a JURY OF TWELVE be empaneled to try the issues of this cause.

This _3rd_ day of _July_, 2019.

> Respectfully Submitted,
>
> **CARLOCK, COPELAND & STAIR, LLP**
>
> _[signature]_
>
> ANGELA CIRINA KOPET; BPR 017921
> MOLLY A. SIMBECK; BPR 036204
> 920 McCallie Avenue
> Chattanooga, TN 37403
> Phone: 423-713-7075
> Fax: 423-648-2283

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and exact copy of this pleading has been served upon counsel of record by placing a true and exact copy of said pleading in the United States Mail with sufficient postage thereupon to carry the same to its destination, addressed as follows:

P. Craig Grinstead
44 N. Second St., Suite 400
Memphis, TN 38103
Phone: 901-729-7168
Cgrinstead@grinsteadlaw.org
_Attorneys for Plaintiff_

James E. King, Jr.
200 Jefferson
15th Floor
Memphis, TN 38103
Phone: 901-578-6902
Jking@eskinking.com
_Attorneys for Plaintiff_

This _3rd_ day of July, 2019.

> CARLOCK, COPELAND & STAIR, LLP
>
> _[signature]_